IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | Civil Action No. 2:25-cv-11758-RMG |
| Plaintiff, | ) | |
| vs. | ) | |
| Sean Onstad, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED ANONYMOUSLY AND BRIEF IN SUPPORT THEREOF**

Plaintiff JANE DOE (hereinafter "Plaintiff"), by and through counsel, respectfully requests that this Court allow Plaintiff to bring this action under 15 U.S.C. § 6851 related to the nonconsensual distribution of intimate imagery against the Defendant, Sean Onstad, ("Defendant") anonymously and grant a protective order pursuant to Federal Rules of Civil Procedure 26(c) to ensure Defendant keeps Plaintiff's identity confidential throughout the pendency of the lawsuit and thereafter.

**FACTS**

Plaintiff is a victim of the nonconsensual distribution and dissemination of intimate imagery. Plaintiff was in a relationship with Defendant from May 2019 to February 2023. During the relationship, Plaintiff consented to Defendant recording intimate videos with the understanding that those videos would not be shared or published. After the relationship ended in 2023, Plaintiff was contacted by a woman on or about February 9, 2024, who informed Plaintiff that Defendant had posted the videos on the platform, OnlyFans. OnlyFans is a platform known for distributing

and disseminating intimate imagery, but according to the company's policy, the image must be shared with the subject's consent. Defendant did not request permission to distribute and disseminate the imagery and/or videos and knowingly published them without Plaintiff's consent, violating her right to privacy. Since then, Defendant has been caught distributing and disseminating intimate images and videos of multiple women without their consent and has active criminal charges filed against him in Charleston County and Berkeley County, South Carolina. Given the intimate and private nature of the information Plaintiff must disclose over the course of this case, Plaintiff does not wish for herself to be publicly identified as the victim of nonconsensual distribution and dissemination of intimate imagery. She has a legitimate concern about the impact of this information becoming public knowledge on her professional and personal life.

## **ARGUMENT AND CITATION OF AUTHORITY**

Generally, parties to a lawsuit must identify themselves in their respective pleadings pursuant to Federal Rule of Civil Procedure 10(a); *See also Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014). However, "[t]his Court has recognized that in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including use of a pseudonym." *Id*. (citing *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993)).

The Fourth Circuit, in determining whether a plaintiff may proceed anonymously, has provided the following non-exclusive factors for district courts to consider:

> Whether the requesting party requests pseudonymity to avoid the annoyance and criticism that often accompanies litigation *or* to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or to innocent third parties; the ages of the protected parties; whether the action is against a governmental or private party; and whether proceeding pseudonymously is unfair to the opposing party.

*Doe v. Weston & Sampson Eng'rs, Inc.*, 743 F. Supp. 3d 751, 756 (D.S.C. 2024).

I.   **Plaintiff will be required to disclose sensitive and highly personal information during the course of this lawsuit.**

Plaintiff has a substantial right to privacy in guarding the sensitive and highly personal information that she must disclose during this lawsuit. The Fourth Circuit has repeatedly recognized that in cases that are highly sensitive and personal in nature the plaintiff's privacy should be protected. The court in *Doe* stated, "numerous district courts have recognized a plaintiff's interest in preserving privacy where the allegations concern sexual assault." *Doe v. Doe*, 649 F. Supp. 3d 136, 139 (E.D.N.C.) (collecting cases), *aff'd*, 85 F.4th 206 (4th Cir. 2023). And "[t]he Fourth Circuit has recognized particular sensitivity in cases where the allegations involve 'intimate details' of 'sexual assault' and the resultant trauma and has noted that victims of such conduct have an 'interest in preserving privacy.'" *Doe v. Darden Restaurants, Inc.*, 736 F.Supp.3d 297, 301-02 (D. Md. June 7, 2024) (quoting *Sidar*, 93 F.4th at 248); *See also Doe v. Weston & Sampson Eng'rs, Inc.*, 743 F. Supp. 3d 751, 758 (D.S.C. 2024).

While this is not a sexual assault case, the nature of this case is closely related to the issues addressed in sexual assault cases. The dissemination of intimate imagery and videography of Plaintiff without her consent should be handled with similar care and discretion. The subject of the videos that were posted without her consent, which are the subject of this lawsuit, and the information and details that may be revealed during the course of this lawsuit are highly sensitive and personal in nature. Allowing Plaintiff's full name to be attached to this case will likely result in further trauma and negative consequences.

**II.     Requiring Plaintiff to fully identify herself in this lawsuit will result in further harm to the Plaintiff.**

Because this lawsuit will be made public record, Plaintiff's identity will be associated with the subject events and videos which will undoubtedly have lasting negative consequences for her mental health, social life, and even career. As stated above, she did not give consent for the distribution of these videos, and so she should not suffer the mental and emotional consequences that can arise if this information is further made public. It has been extremely difficult for Plaintiff to convey the details of the subject events to her attorney, family, and friends. Prior to deciding to file this lawsuit, Plaintiff took great care in keeping the subject events private. Plaintiff should not be punished and her privacy further invaded because she has chosen to hold the Defendant civilly accountable.

Further, while these videos were posted without her consent, she has a right to keep the nature of this lawsuit and the details of the incident private from current and future employers and other potential parties who may search for personal information about her in the future. Plaintiff should not be forced to have this information publicly available when it could affect her career and her ability to move on from these incidents and live her life without anxiety or embarrassment related to this.

**III.    The benefit of allowing Plaintiff to proceed anonymously outweighs any unfairness to the Defendant.**

Filing this lawsuit anonymously is not unfair to the Defendant. According to the Court in *Doe v. Darden Restaurants* Inc., "it is the sensitivity of the nature of the *allegations* that matters when considering anonymity." 736 F. Supp. 3d 297, 301 (D. Md. 2024). It is clear that the nature of this lawsuit, alleging that the Defendant posted intimate videos of Plaintiff without her consent,

is highly sensitive in nature. As a result, this should carry more weight than the unfairness of filing anonymously to the Defendant.

Still, considering the unfairness factor, it is also evident that it would not be unfair to bring this case anonymously. This was not a one-time offense or accident on the part of the opposing party, which could potentially warrant consideration of the fairness of the victim being compelled to bring this action against him publicly. Instead, the opposing party has numerous criminal charges against him from other victims of nonconsensual distribution of intimate images and videos. His willingness to repeatedly expose intimate images and details about Plaintiff and other victims shows a lack of consideration for other people. He's repeatedly violated the privacy of Plaintiff and other women, and therefore, Plaintiff should be afforded the right to maintain her privacy in this lawsuit.

## CONCLUSION

For the foregoing reasons, the Court should GRANT Plaintiff's Motion for Protective Order and Leave to Proceed Anonymously and should further order that all materials filed in this action, all judgments, and any other documents relating to this action shall refer to Plaintiff as JANE DOE.

          ROSEN HAGOOD, LLC

By:    <u>s/Elizabeth F. Nicholson</u>
       Elizabeth F. Nicholson
       Federal I.D. No.: 12402
       40 Calhoun Street, Suite 450
       Charleston, SC  29401
       (843) 577-6726
       Fax:  (843) 266-2225
       enicholson@rosenhagood.com
       **Attorney for Plaintiff**

September 3, 2025
Charleston, South Carolina